UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BARBARA J. RILEY,

                Plaintiff,

vs.                                             Case No.  3:16-cv-898-J-34JBT

DANIEL D. DONATELLI, et al.,

                Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court <u>sua sponte</u>.  Plaintiff, who is proceeding <u>pro se</u>, initiated the instant action on July 13, 2016, by filing a Complaint Verified and Demand for Jury Trial (Doc. 1; Complaint) against several Defendants.  Complaint at 1.  Upon review, the Court finds that the Complaint is utterly incomprehensible and due to be stricken for failure to comply with Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)).

While <u>pro se</u> complaints are held to a less stringent standard than those drafted by an attorney, <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), the <u>pro se</u> litigant is still required to "'conform to procedural rules.'"  <u>Riley v. Fairbanks Capital Corp.</u>, 222 F. App'x 897, 898 (11th Cir. 2007) (quoting <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2).  "'A complaint need not specify in detail

---

[1]     All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules").  The Local Rules are available for review at <u>www.flmd.uscourts.gov</u>, and a copy may be obtained by visiting the Clerk's Office.  The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.  Plaintiff may also access a <u>Guide for Proceeding Without a Lawyer</u> at the above website.

the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted).  Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).  Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).   "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).  Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming.  See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

Here, the Complaint, which is 62 pages long,[2] and contains 222 numbered paragraphs, does not constitute a "short and plain statement" of Plaintiff's claims. Moreover, "[t]he nature of [Plaintiff's] legal claims against the named defendants and the factual basis for such claims [are] incomprehensible: far short of the 'short and plain' statement requirement of Rule 8." See Holbrook, 405 F. App'x at 460; see generally Complaint. Plaintiff's Complaint is simply a disjointed, rambling, and winding account of wrongdoing, conspiracies, and bizarre accusations that make it impossible for the Court to determine what Plaintiff is claiming. See generally Complaint. Accordingly, the Court will strike the Complaint for failure to comply with Rules 8(a)(2) and 10(b), and direct Plaintiff to file an amended complaint. See Holbrook, 405 F. App'x at 460-61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Although Plaintiff should continue to set forth separate causes of action in numbered counts against specific defendants, in her amended complaint, Plaintiff should endeavor to assert these claims in the form of "a short and plain statement" demonstrating that she is entitled to relief. See Rules 8(a)(2), 10(b). Specifically, Plaintiff should describe in sufficient detail the factual basis for each of her claims and how each Defendant is responsible, but must refrain from including immaterial and inflammatory accusations, legal arguments, and redundant allegations. See Rule 12(f). In light of the foregoing, it is

**ORDERED**:

1.      Plaintiff's Complaint Verified and Demand for Jury Trial (Doc. 1) is **STRICKEN**.

---

[2] The Court notes that several pages of the Complaint are missing. See Complaint at 28-30, 31-34, 38-40, 46-48.

2.      Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **August 5, 2016**.  Failure to do so may result in a dismissal of this action.

3.      Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15(a)(3) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on July 15, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

-4-