**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BARBARA J. RILEY,

    Plaintiff,

v.                                      Case No. 3:16-cv-898-J-34JBT

DANIEL D. DONATELLI, et al.,

    Defendants.

_____

# O R D E R

**THIS CAUSE** is before the Court on Pro Se Plaintiff's Motion for Injunctive Relief Against Pro Se Defendant Curtis V. Trinko, Esquire, His Employees, Agents and Associates (Doc. 77; Motion), filed on March 28, 2017. In the Motion, Plaintiff Barbara J. Riley, who is proceeding pro se, requests an "Order of Injunctive Relief" against Defendant Curtis V. Trinko, an attorney who has also appeared in this action pro se, because Trinko is allegedly depriving Riley of her civil rights. See Motion at 1. Specifically, Riley seeks an injunction restraining Trinko from "tortious interference of this civil rights action," "harassing Pro Se Plaintiff Barbara J. Riley during any other and further proceedings held," and committing "fraud on the Court by setting into motion some 'unconscionable schemes' to interfere with the judicial system's ability to impartially adjudicate the matter." Id. at 5. Notably, although replete with accusations, aspersions, and conclusory allegations of wrongdoing, the Motion is devoid of any factual detail as to the actual conduct or

threatened conduct at issue.[1]   Moreover, Riley fails to cite to any relevant legal authority in support of her requested relief.  Thus, for the reasons set forth below, to the extent Riley is seeking <u>preliminary</u> injunctive relief, the Court finds that she fails to comply with the procedural or substantive requirements for such relief and her request is due to be denied.

Rule 4.06, Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), and Rule 65, Federal Rules of Civil Procedure (Rule(s)), govern the entry of preliminary injunctive relief.  Local Rule 4.06(b) requires the party applying for a preliminary injunction to comply with certain procedural requirements set forth in Local Rule 4.05(b).  <u>See</u> Local Rule 4.06(b)(1).  Local Rule 4.05(b)(3) requires that the motion describe precisely the conduct sought to be enjoined, set forth facts on which the Court can reasonably determine the amount of security to be posted, be accompanied by a proposed form of the order, and contain a supporting legal memorandum.  As with all motions filed in this Court, the memorandum must include "<u>legal authority</u> in support of the request . . . ."  <u>See</u> Local Rule 3.01(a) (emphasis added).

Specifically, the legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest.  <u>See</u> Local Rule 4.05(b)(4);

---

[1] Indeed, although difficult to discern, it appears the instant Motion is premised on Trinko's "interference" in this lawsuit.  Riley is reminded, however, that Trinko is part of this lawsuit because she named him as a defendant in the Amended Complaint Verified and Demand for Jury Trial (Doc. 5; Amended Complaint).  <u>See</u> Amended Complaint at 1, 3.  As such, the Court questions whether Trinko's actions in defending himself in this lawsuit, either by filing motions or responding in opposition to Riley's motions, could warrant injunctive relief.  If Riley continues to seek such relief, she must cite to legal authority supporting this request.  In doing so, Riley is cautioned that the requirements of Rule 11, Federal Rules of Civil Procedure (Rule(s)) are applicable to pro se litigants as well as attorneys.  <u>See</u> Rule 11(b); <u>Patterson v. Aiken</u>, 841 F.2d 386, 387 (11th Cir. 1988) ("[P]ro se filings do not serve as an 'impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" (quoting <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986))).

see also GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs, 788 F.3d 1318, 1322 (11th Cir. 2015) ("To obtain [preliminary injunctive] relief, the moving party must show: (1) a substantial likelihood of success on the merits; (2) that [she] will suffer irreparable injury unless the injunction is issued; (3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest."). Significantly, a preliminary injunction is "an extraordinary and drastic remedy" that will not be granted "unless the movant clearly carries [her] burden of persuasion on each of these prerequisites." See GeorgiaCarry.Org, Inc., 788 F.3d at 1322. Because Riley fails to satisfy the procedural or substantive requirements for obtaining preliminary injunctive relief, the Court concludes that the Motion is due to be denied. Accordingly, it is

**ORDERED:**

Pro Se Plaintiff's Motion for Injunctive Relief Against Pro Se Defendant Curtis V. Trinko, Esquire, His Employees, Agents and Associates (Doc. 77) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 31st day of March, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties