UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BARBARA J. RILEY,

    Plaintiff,

vs.
                                            Case No. 3:16-cv-898-J-34JBT

DANIEL D. DONATELLI, et al.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the Pro Se Plaintiff's Act of Congress, Judiciary Act of September 24, 1789, the U.S. Constitution with Incorporated Memorandum of Constitutional Laws in Support of Rule 60(B)(4) Motion to Set Aside Judge Howard's Void Personal Unconstitutional Excessive 32-Page re 107 Order of Dismissal and Clerk's Void Personal Unconstitutional re 108 Judgment as Void (Dkt. No. 109; Motion) filed on August 9, 2017. In the Motion, Plaintiff Barbara Riley, citing Rule 60(b)(4), Federal Rules of Civil Procedure (Rule(s)), seeks to set aside as void this Court's Order (Dkt. No. 107; Order) dismissing this case as well as the Judgment (Dkt. No. 108; Judgment) entered pursuant to that Order. See generally Motion.

    Rule 60(b) provides,

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial . . .; (3) fraud . . .,misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief.

Rule 60(b).[1] The Rule empowers the district courts "'to vacate judgments whenever such action is appropriate to accomplish justice.'" Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949)). While the trial court is vested with substantial discretion in granting relief under Rule 60(b), see Abimbola v. Broward Cnty., 266 Fed. App'x 908, 910 (11th Cir. 2008) (quoting Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999)), "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." Griffin, 722 F.2d at 680 (citation omitted). Accordingly, Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 26, 1981) (quoting Bankers Mortg. Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970)).[2] With this goal in mind, "it is often said that the rule should be liberally construed in order to do substantial justice." Id. Thus, "although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." Id.

---

[1] Under provision (c)(1) of Rule 60, "[a] motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1).

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Here, Riley asserts that this Court's Order and Judgment are void. See generally Motion. However, she provides no basis for this suggestion, and the Court concludes that its Order and Judgment were not void because it had the authority to dismiss this case. See Grier v. Fla., No. 07-15445, 2008 WL 2223050, at *1 (11th Cir. May 30, 2008) (citing Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001) and William Skillings & Assocs. v. Cunard Transp., Ltd., 594 F.2d 1078, 1081 (5th Cir. 1979)).³ Thus, to the extent Riley seeks to set aside the Order and Judgment as void, the Motion is due to be denied.

Riley also requests that the undersigned recuse herself from presiding over this case. See Motion at 17. It appears that the basis for this request is Riley's disagreement with the undersigned's rulings in this matter. The undersigned has fully reviewed and considered the Motion and finds that there is no reason for the undersigned to recuse herself in this case. See Byrne v. Nezhat, M.D., 261 F.3d 1075, 1102-03 (11th Cir. 2001); McWhorter v. City of Birmingham, 906 F.2d 674, 678-79 (11th Cir. 1990); Ivey v. Snow, Civil Action No. 1:05-CV-1150-JOF, 2007 WL 1810213, at *2 (N.D. Ga. June 21, 2007). As such, the undersigned is obligated to continue to preside over this matter. See United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) ("a judge, having been assigned to a case, should not recuse [her]self on unsupported, irrational, or highly tenuous speculation"); Lawal v. Winners Int'l Rests. Co. Operations, Inc., No. 1:04-CV-0913-WSD, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) ("'A trial judge has as much

---

³ In Grier, the Eleventh Circuit recognized that "a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 2008 WL 2223050, at *1 (internal quotation marks omitted). Indeed, if the court had no power to render judgment, then the judgment would be void. See id. Yet, Rule 60(b)(4) is not applicable when the movant merely contends that the judgment is erroneous. See id. As a result, Riley's argument that the Court's Order and Judgment should be vacated pursuant to Rule 60(b)(4) is unavailing and without merit.

obligation not to recuse [her]self when there is no reason to do so as [s]he does to recuse [her]self when the converse is true.'"); United States v. Malmsberry, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) ("a judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require"). The Motion will be denied to the extent Riley requests that the undersigned recuse herself from this action.

In light of the foregoing, it is

**ORDERED:**

The Pro Se Plaintiff's Act of Congress, Judiciary Act of September 24, 1789, the U.S. Constitution with Incorporated Memorandum of Constitutional Laws in Support of Rule 60(B)(4) Motion to Set Aside Judge Howard's Void Personal Unconstitutional Excessive 32-Page re 107 Order of Dismissal and Clerk's Void Personal Unconstitutional re 108 Judgment as Void (Dkt. No. 109) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 17th day of October, 2017.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Parties